THOMPSON, Appellee,

v.

CHAPMAN, Appellant.

[Cite as *Thompson v. Chapman*, 176 Ohio App.3d 334, 2008-Ohio-2282.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 2008–CA–0012.

Decided May 12, 2008.

Douglas J. Blue and Bruce A. Curry, for appellee.

Mark S. Maddox, for appellant.

GWIN, Judge.

{¶ 1} Defendant, Stephanie Chapman, appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which sustained the motion to compel discovery made by plaintiff-appellee Haley Thompson, a minor, by and through her mother and next friend, appellee Amanda McNeely. Appellees sought appellant's psychiatric and psychological treatment records, and the trial court found that the information is discoverable. The court ordered appellant to provide appellees with the requested documents or signed authorizations allowing appellees to obtain the documents. Appellant assigns a single error to the trial court:

{¶ 2} "I. The trial court erred in granting plaintiff's motion to compel discovery of defendant Stephanie Chapman's privileged psychiatric/psychological records."

{¶ 3} Appellee Haley Thompson was injured in appellant's home when she allegedly pulled an electric fryer off the counter, spilling hot grease on her. She was approximately one year old at the time. Appellee filed suit against appellant, alleging that she had negligently left the electric fryer close to the edge of the counter with the electrical cord hanging over the edge. Appellant denied leaving the fryer too close to the edge of the counter and denied leaving the cord dangling. Appellant counterclaimed, alleging that appellee Amanda McNeely was negligent and caused the child's injuries.

{¶ 4} It does not appear that appellant's deposition was filed with the court. Appellees allege that appellant testified in the deposition that she was on stress leave from her employment at the time of the accident. Appellees state that appellant deposed that she had seen a psychiatrist and a psychologist in the weeks or months after the accident.

{¶ 5} Appellees argued that the records of the psychiatrist and psychologist would demonstrate appellant's state of mind at the time of the accident.

{¶ 6} R.C. 2317.02(B)(1) provides that certain persons shall not testify regarding certain matters:

{¶ 7} "(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject. The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances: (a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances: * * * (iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient."

{¶ 8} Psychiatrists are treated like other medical doctors. *McCoy v. Maxwell* (2000), 139 Ohio App.3d 356, 743 N.E.2d 974.

{¶ 9} Subsection (G) applies the same privilege to mental-health professionals, such as clinical counselors, professional counselors, social workers, and therapists. It provides:

{¶ 10} "(1) A school guidance counselor who holds a valid educator license from the state board of education as provided for in section 3319.22 of the Revised Code, a person licensed under Chapter 4757. of the Revised Code as a professional clinical counselor * * * independent social worker, marriage and family therapist or independent marriage and family therapist, or registered under Chapter 4757. of the Revised Code as a social work assistant concerning a confidential communication received from a client in that relation or the person's advice to a client unless any of the following applies: * * *

{¶ 11} "(d) The client voluntarily testifies, in which case the school guidance counselor or person licensed or registered under Chapter 4757. of the Revised Code may be compelled to testify on the same subject.

{¶ 12} "(e) The court in camera determines that the information communicated by the client is not germane to the counselor-client, marriage and family therapist-client, or social worker-client relationship. * * *

{¶ 13} "(g) The testimony is sought in a civil action and concerns court-ordered treatment or services received by a patient as part of a case plan journalized under section 2151.412 of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code."

{¶ 14} Our standard of reviewing decisions on motions to compel is the abuse-of-discretion standard, see *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 692 N.E.2d 198. Thus, this court may not reverse a trial court's decision absent an abuse of discretion, which the Supreme Court has defined as implying that the court's attitude is unreasonable, arbitrary, or unconscionable, Id.

{¶ 15} Because R.C. 2317.02(B) is in derogation of the common law, it must be strictly construed, *In re Miller* (1992), 63 Ohio St.3d 99, 585 N.E.2d 396. The *Miller* court stated that in addition to the three statutory instances in which a waiver occurs, there may be other instances in which a court could find a waiver: "[T]he facts of this case are not so compelling that a judicially created waiver must be invoked." Id. at 109, 585 N.E.2d 396.

{¶ 16} Appellees argue that because appellant filed a counter claim, she has waived the privilege, or in the alternative, there are compelling facts requiring a judicially created waiver as stated in *Miller*, supra.

{¶ 17} Appellant did in fact file a counterclaim, but it does not appear that her counterclaim places her mental condition at issue. In addition, the record does not contain sufficient facts from which we could conclude that a judicially created waiver might be appropriate. We conclude that the information appellees seek is privileged and confidential.

{¶ 18} In *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, this court reviewed a case similar to the one at bar. Folmar sued Griffin for assault, battery, and negligent and/or intentional infliction of emotional distress, and Griffin filed a counterclaim alleging assault, battery, trespass to chattels, negligence, defamation, and intentional infliction of emotional distress. In the course of discovery, Folmar's interrogatories asked whether Griffin had been referred to or ordered to undergo or take part in any type of anger-management counseling. Griffin objected but also responded that he had taken an anger-management counseling course. Folmar then sought the records relating to the anger-management counseling.

{¶ 19} The trial court found that Griffin's psychological and psychiatric records were not privileged because they relate causally or historically to the physical and/or mental injuries he claimed in his counterclaim. The court ordered the records delivered directly to Folmar.

{¶ 20} On review, this court found that the conditions for disclosure listed in R.C. 2317.02 are different for medical records than for counseling records. If the records are medical records under subsection (B), then the court must determine whether the records are related causally or historically to physical or mental injuries relevant to the issues of the case. If they are counseling records governed by subsection (G), they are admissible only if one or more of the statutory exceptions applies.

{¶ 21} In *Folmar*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, ¶ 25–26, we concluded that the trial court erred in not conducting an in camera inspection of the records to determine whether they were medical records or counseling records and whether the conditions for disclosure were present. We found that the court should have issued an order that the records be transmitted under seal to the trial court for its review.

{¶ 22} We also noted that the court should place any documents it found privileged in the record under seal for potential appellate review. Id. at ¶ 27.

{¶ 23} Judge Edwards's concurring opinion found that the request to release the records was also overly broad. Id. at ¶ 39.

{¶ 24} We find that the trial court here erred in ordering that all the records be provided directly to appellees. Instead, the court should have ordered the records delivered under seal to the court so it could conduct an in camera inspection. As in *Folmar*, supra, the court must determine whether each record is covered by R.C. 2317.02(B) or (G), and whether the conditions set out in the appropriate subsection for disclosure are present.

{¶ 25} The assignment of error is sustained.

{¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court with instructions to conduct an in camera examination of the documents. The court must also place all the documents under seal in the record for potential appellate review.

Judgment reversed
and cause remanded.

HOFFMAN, P.J., and WISE, J., concur.