[Cite as *Wagner v. Dennis*, 2012-Ohio-2485.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JENNIFER WAGNER | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 11-COA-050 |
| ADAM DENNIS | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Ashland County Court of
Common Pleas, Juvenile Division Case No.
2010 4173

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 4, 2012

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

DANIEL F. MAYNARD                    KIMREY D. ELZEER
Maynard & Associates                    Wickens, Herzer, Panza,
Attorneys at Law L.L.C.                    Cook & Batista Co.
246 West Liberty St.                    35765 Chester Road
Medina, Ohio 44256                    Avon, Ohio 44011-1262


Guardian Ad Litem

HOWARD GLICK
23 West Main Street
Ashland, Ohio 44805

*Hoffman, J.*

{¶1}   Plaintiff-appellant Jennifer Wagner ("Mother") appeals the November 14, 2011 Judgment Entry entered by the Ashland County Court of Common Pleas, Juvenile Division, which ordered her to answer certain questions posed to her during a discovery deposition.  Defendant-appellee is Adam Dennis ("Father").

STATEMENT OF THE FACTS AND CASE

{¶2}   Mother and Father are the biological parents of KMW (dob 7/23/09). In the fall of 2009, Father filed a paternity action in the Medina County Court of Common Pleas, Domestic Relations Division. The action was dismissed on September 29, 2010, for lack of jurisdiction.  On November 4, 2010, Mother filed a Complaint to Establish Original Allocation of Paternal Rights and Responsibilities in the Ashland County Court of Common Pleas, Juvenile Division.

{¶3}   On April 1, 2011, Father filed a motion to obtain Mother's medical and psychological records.  Mother filed a motion in opposition thereto.  Via Magistrate's Order filed April 21, 2011, the magistrate ordered Mother to execute all necessary releases to permit Father to access her medical and psychological records.  Mother filed a motion to set aside the magistrate's order, which the trial court overruled.  The trial court scheduled the final hearing on Mother's complaint for August 8, 2011.[1]

{¶4}   Kimrey Elzeer, counsel for Father, deposed Mother on May 16, 2011. Mother objected to a number of the questions posed to her at the deposition.   Father propounded interrogatories and document requests upon Mother on June 13, 2011.

---

[1] The hearing was originally scheduled for May 23, 2011, was rescheduled for August 2, 2011, and rescheduled again for August 8, 2011.

After Mother failed to answer the interrogatories and produce the requested documents, Father filed a motion to compel discovery on July 29, 2011. On the same day, Father also filed a motion to compel deposition testimony, asking the trial court to order Mother to respond to seven questions she refused to answer during her deposition, to wit:

{¶5}   1.  Q. Have you ever used illegal drugs?

{¶6}   2.  Q. Why didn't you see Dr. Korricky (Koricke)?

{¶7}   3.  Q. How is it that you selected Dr. Esson to conduct your assessment?

{¶8}   4.  Q. Did you make any attempts to go to the bank to get your records from 2010?

{¶9}   5.  Q. What else do you plan to use as evidence at trial in support of your claim?

{¶10}  6.  Q. And what else do you have?

{¶11}  7.  Q. And what do you have on the voice recorder?

{¶12} The magistrate issued an order on August 2, 2011, instructing Mother to answer all seven of the questions at issue.  Mother filed a motion to stay and to set aside the August 2, 2011 order, which the magistrate denied via order filed August 4, 2011.  On August 8, 2011, the day of the final hearing, Mother filed a motion with the trial court to set aside the magistrate's August 4, 2011 order denying her motion to stay and to set aside the magistrate's August 2, 2011 order.  The final hearing commenced as scheduled.  As a preliminary matter, Father stated the magistrate had not ruled on his July 29, 2011 motion to compel discvoery.  According to Father, the magistrate indicated she would rule on the motion, if needed, as the trial progressed.   Mother

proceeded with her case-in-chief. The magistrate continued the matter until November 21, and 22, 2011, for further hearing to complete the presentation of evidence.

{¶13} The trial court conducted a hearing on Mother's August 8, 2011 motion on October 7, 2011. Via Judgment Entry filed November 14, 2011, the trial court set aside the magistrate's August 4, 2011 order. The trial court ordered Mother to answer questions #2, 3, 4, 5, and 7, but ruled Mother was not required to answer questions #1 and 6.

{¶14} It is from this judgment entry Mother appeals, raising as her sole assignment of error:

{¶15} "I. THE TRIAL COURT ERRED ORDERING APPELLANT TO RESPOND TO DEPOSITION QUESTIONS BY DISCLOSING INFORMATION THAT IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY-WORK PRODUCT, AFTER THE FINAL HEARING HAD BEGUN AND APPELLANT HAD ALREADY PRESENTED HER CASE AND RESTED WHERE APPELLANT WAS PROVIDED NO EVIDENTIARY HEARING OR OTHER OPPORTUNITY TO RESPOND."

I

{¶16} Mother's assignment of error incorporates three separate issues. First, Mother maintains the trial court erred in ordering her to respond to the deposition questions at issue subsequent to the commencement of trial and her resting her case-in-chief. Next, Mother argues the trial court erred by failing to conduct an evidentiary hearing. Finally, Mother contends the trial court erred in ordering her to respond to the

deposition questions as the information sought is protected by the attorney-client privilege and/or constitutes attorney work product.

{¶17} The Ohio Rules of Civil Procedure allow for liberal discovery. Pursuant to Civ.R. 26(B)(1), the scope of discovery includes " * * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." Trial courts are given broad discretion in the management of discovery. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 57, 295 N.E.2d 659. Thus, an appellate court reviews discovery issues pursuant an abuse of discretion standard. *Geggie v. Cooper Tire & Rubber Co.,* Hancock App. No. 5-05-01, 2005-Ohio-4750, at ¶ 25. Under this standard, reversal is warranted only where the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶18} Upon our review of the record, we find the trial court did not abuse its discretion by ordering Mother to respond to the deposition questions after the hearing had commenced before the magistrate. The magistrate was not able to complete the hearing in one day. Because additional time was necessary to complete the presentation of evidence, we find Mother cannot establish any prejudice resulting therefrom. Furthermore, contrary to Mother's assertion, we find the trial court did, in fact, conduct an evidentiary hearing on her motion to set aside the magistrate's August 4, 2011 Order, denying her Motion to Stay and to set aside the magistrate's August 2, 2011 Order.

{¶19} We now turn to Mother's assertion the trial court erred in ordering her to respond to the deposition questions as such sought information which is privileged. The issue of whether the information sought is confidential and privileged from disclosure is a question of law that should be reviewed de novo. *Medical Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, at ¶ 13; see also *Roe v. Planned Parenthood Southwest Ohio Region,* 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, at ¶ 29. Privileges are to be strictly construed and "[t]he party claiming the privilege has the burden of proving that the privilege applies to the requested information." *Giusti v. Akron Gen. Med. Ctr.,* 178 Ohio App.3d 53, 2008-Ohio-4333, 896 N.E.2d 769, at ¶ 17.

{¶20} Mother has failed to provide this Court with a transcript of the October 7, 2011 hearing before the trial court. Mother bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d 197; *State v. Prince* (1991), 71 Ohio App.3d 694. An appellate court can reach its decision only upon facts which are adduced in the trial court's proceeding and cannot base its decision on allegations founded upon facts from outside of the record. *Merillat v. Fulton Cty. Bd. Of Commrs.* (1991), 73 Ohio App.3d 459.

{¶21} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp,* supra.

{¶22} Because Mother failed to provide this Court with a transcript of the hearing, we may presume the validity of the lower court's proceedings and affirm.

Notwithstanding the absence of a transcript, we find the trial court did not err in ordering Mother to answer the questions.  We find, as did the trial court, the questions at issue do not require answers to which the privilege would apply.

{¶23}  Based upon the foregoing, we overrule Mother's sole assignment of error.

{¶24}  The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JENNIFER WAGNER     :
             :
 Plaintiff-Appellant    :
             :
-vs-           :     JUDGMENT ENTRY
             :
ADAM DENNIS      :
             :
 Defendant-Appellee   :     Case No. 11-COA-050

For the reasons stated in our accompanying Opinion,  the judgment of the

Ashland County Court of Common Pleas is affirmed.  Costs to Mother-Appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

s/ John W. Wise _____
HON. JOHN W. WISE