[Cite as *Moore v. Ferguson*, 2012-Ohio-6087.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY MOORE | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 12CA58 |
| BRENDA FERGUSON, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
Common Pleas, Case No. 12CV182


JUDGMENT:     REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:     December 10, 2012


APPEARANCES:

For Appellant:

GORDON M. EYSTER
10 Mansfield Ave.
Shelby, OH 44875

For Appellee:

MATTHEW P. MULLEN
158 North Broadway Street
New Philadelphia, OH 44663

*Delaney, J.*

{¶1}   Plaintiff-appellant Mary Moore appeals from the June 27, 2012 judgment entry of the Richland County Court of Common Pleas granting the Motion to Compel of defendant-appellee Brenda Ferguson.

*FACTS AND PROCEDURAL HISTORY*

{¶2}   This case arose on or about February 19, 2010, when appellant crossed Lind Avenue at the corner of Lind and Glessner Avenues, Mansfield, and was struck by a vehicle driven by appellee.  The vehicle is owned by defendant Richard Ames, who is not a party to this appeal.

{¶3}   Appellant filed a complaint alleging she was injured by the negligence of appellee; she also asserted claims for negligent entrustment against Ames and uninsured/underinsured motorists' benefits against Merchants Insurance Group, a claim which was later dismissed.

{¶4}   Appellant's cause of action against appellee asserts she has incurred and expects to incur in the future: medical expenses, medical care and treatment, loss of wages and other economic loss, severe and permanent pain and suffering, mental anguish, loss of her capacity to enjoy life and loss of the ability to perform usual daily functions and activities.

{¶5} Appellee served appellant with Interrogatories and Requests for Production of Documents. Responses were provided.  Appellant's responses to relevant interrogatories regarding her medical condition are as follows:

Q-11. Identify all areas of your body which you claim were injured as a result of the motor vehicle accident and state whether you have fully recovered from those injuries.

ANSWER: See medical records which include, right arm; ribs right side; right leg; right side of neck; left leg and foot; lower back muscle spasms—still being treated.

Q-15. If you sustained any personal injuries during the ten (10) years prior to the date of the incident described in the Complaint, please state the date of the occurrence, the injuries sustained, and the name and addresses of the doctors treating and/or examining you for said injuries.

ANSWER: Objection. Without waiving said objection, none.

{¶6} On April 17, 2012, appellee's counsel acknowledged receipt of appellant's discovery responses and requested additional information by letter:

Complete medical records and post accident itemized billing statements from:

MedCentral Health System

Mustafa Garbadawala, M.C.

Scot Wilging, D.C.

Mansfield Fire Department

Orthopaedic Spine and Sports Medicine Institute/Michael Viau, M.C.

Post accident itemized billing statements from:

Mansfield Neurology, Inc.

Complete medical records from:

Meijer Pharmacy

MedCentral Wellness Complex

{¶7} The April 17, 2012 letter noted it was to be considered a Civ.R. 34 request for production of documents in the event appellant did not agree to provide signed authorizations. The letter was accompanied by an "Authorization for Release of Protected Health Information," made out to each provider noted above, to be signed by appellant. The pertinent portions of the form note:

PROTECTED HEALTH INFORMATION TO BE DISCLOSED:

1. I authorize all information in my medical record **from first date of treatment/evaluation to present** and an itemized billing statement (showing all charges, payments, and/or writeoffs/adjustments) for any services rendered from February 19, 2010 to the present to be disclosed according to the terms of this authorization. (Emphasis in original.)

INITIAL ONE OF THE FOLLOWING:

I consent to the disclosure of any information pertaining to alcohol abuse, drug abuse, psychiatric condition, any condition related to sexually transmitted disease and/or HIV (Human Immunodeficiency Virus) and AIDS (Acquired Immune Deficiency Syndrome).

{¶8} The above paragraph was already initialed on the form provided to appellant.

{¶9} On May 11, 2012, appellant's counsel responded:

> I am in receipt of your correspondence dated April 17, 2012 in regard to your request for additional medical records and itemized billing statements. I believe I previously provided you with a complete copy of all medical records and billing statements from all the providers that you listed. Please advise what documents and billing statements that you believe to be missing and I will be more than happy to retrieve the same.

{¶10} On May 17, 2012, appellee's counsel sent a second request for the signed authorizations or complete medical records as described above. On May 25, 2012, appellee's counsel sent a third request.

{¶11} On June 14, 2012, appellee filed a Motion to Compel, requesting appellant to provide the signed authorizations or complete medical records as described above within 7 days.

{¶12} On June 22, 2012, appellant filed a "Memorandum in Opposition to Defendant's, Brenda Ferguson, Motion to Compel, with Request for Protective Order and Legal Fees and Costs (With Request for Hearing, if Necessary)," arguing "[Appellant] supplied [appellee] with all of the requested records and billing statements as requested in [appellee's] correspondence and is at a loss as to what documents [appellee] is seeking." Further,

[Appellant] has not waived any privileged communication relating to her medical history which is not related to this accident. Should [appellee] wish to obtain medical records for unrelated items, they must meet certain burdens which they have completely failed to meet. These items requested are not reasonably calculated to lead to admissible evidence. [Appellee] has not attempted to show how these requests are admissible. Requiring [appellant] to execute a blank medical authorization is overbroad and would clearly reveal privileged communications in violation of R.C. 2317.02, because it is beyond the scope of the injuries sought to be compensated for in this action. Accordingly, [appellant] requests the [trial court] to deny [appellee's] motion to compel and further issue a protective order pursuant to Civ.R. 26(C), protecting [appellant] from the need to produce all other medical records and bills not associated with the injuries and similar body parts injured in the accident which is the subject matter of this lawsuit.

{¶13} Appellant also filed a "Notice of Filing Records Under Seal" containing copies of appellant's response to appellee's first set of interrogatories and request for production of documents.

{¶14} On June 27, 2012, the trial court issued its Judgment Entry granting appellee's motion to compel and ordering appellant to provide the signed authorizations or complete records and bills within 7 days of the entry.

{¶15} Appellant now appeals from the decision of the trial court granting appellee's motion to compel.

{¶16} Appellant raises four Assignments of Error:

{¶17} "I.  THE TRIAL COURT ERRED BY GRANTING THE MOTION OF DEFENDANT, BRENDA FERGUSON, TO COMPEL DISCOVERY OF PLAINTIFF'S COMPLETE MEDICAL RECORDS FROM FIRST DATE OF TREATMENT/EVALUATION TO PRESENT (NO TIME LIMITATION), INCLUDING PRIVILEGED MEDICAL RECORDS.  (ORDER GRANTING MOTION TO COMPEL)."

{¶18} "II.  THE TRIAL COURT ERRED BY ORDERING PLAINTIFF TO SIGN MEDICAL RELEASES PERMITTING DEFENDANT, BRENDA FERGUSON, TO OBTAIN ALL OF HER MEDICAL RECORDS FIRST DATE OF TREATMENT/EVALUATION TO PRESENT (NO TIME LIMITATION) INLCUDING RECORDS THAT ARE PRIVILEGED BECAUSE THEY ARE NOT CAUSALLY AND HISTORICALLY RELATED TO INJURIES THAT ARE RELEVANT TO ISSUES IN THIS CASE OR REASONABLY CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE. (ORDER GRANTING MOTION TO COMPEL)."

{¶19} "III.  THE TRIAL COURT ERRED IN ORDERING RELEASE OF ALL OF PLAINTIFF'S MEDICAL RECORDS DIRECTLY TO COUNSEL FOR DEFENDANT, BRENDA FERGUSON, WITH NO MECHANISM FOR DETERMINING WHICH RECORDS WERE PRIVILEGED.  (ORDER GRANTING MOTION TO COMPEL)."

{¶20} "IV.  THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER. (ORDER GRANTING MOTION TO COMPEL)."

{¶21} This case comes to us on the accelerated calendar.   App.R.  11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶22} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.  *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶23} This appeal shall be considered with the foregoing rules in mind.

I., II., III., IV.

{¶24} Appellant's four assignments of error are related and will be considered together.  Appellant asserts the trial court erred by granting the motion to compel and ordering release of the contested records, and objects to the mechanism by which the records must be produced.

{¶25} Generally, our standard of review for decisions on motions to compel is an abuse of discretion standard.  *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324 (5th Dist.2006), ¶ 14, citing *State ex rel. The V Cos. v. Marshall*,

81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998); *see also, Thompson v. Chapman*, 176 Ohio App.3d 334, 2008-Ohio-2282, 891 N.E.2d 1247 (5th Dist.2008); *Binkley v. Allen*, 5th Dist. No. 2000CA00160, 2001 WL 111772; *Bogart v. Blakely*, 2nd Dist. No. 2010 CA 13, 2010-Ohio-4526; *but see*, *Wagner v. Dennis*, 5th Dist. No. 11-COA-050, 2012-Ohio-2485, ¶ 19 ["The issue of whether the information sought is…privileged…should be reviewed de novo."] Because this case turns on the physician-patient privilege, our review is de novo. *See also, Wooten v. Westfield Ins. Co.,* 181 Ohio App.3d, 2009-Ohio-494.

{¶26} Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Civ.R. 26(B)(1). It is not ground for objection that the information sought will be inadmissible at trial as long as the information appears reasonably calculated to lead to the discovery of admissible evidence. Id. Communications between a physician and patient, however, are generally privileged. See R.C. 2317.02(B)(1). If a patient files a civil action, the testimonial privilege is lifted to a certain extent. See R.C. 2317.02(B)(1)(a)(iii). A physician may be compelled to testify or submit to discovery only as to communications that are "related causally or historically to physical or mental injuries that are relevant to issues" in the civil action. R.C. 2317.02(B)(3)(a).

{¶27} Because the physician-patient privilege is statutory and in derogation of the common law, it must be strictly construed against the party seeking to assert it. *Wargo v. Buck*, 123 Ohio App.3d 110, 120, 703 N.E.2d 811 (7th Dist.1997), citing *Ohio State Med. Bd. v. Miller*, 44 Ohio St.3d 136, 140, 541 N.E.2d 602 (1989). The purpose of the privilege is to encourage patients to be completely candid with their

doctors, resulting in better treatment and permitting patients to be free of the worry that information told to their doctors in private may someday be made public. *Id.*

{¶28} The waiver of the physician-patient privilege was introduced by the Ohio Tort Reform Act of 1987, and its rationale is "to prevent patients from filing personal injury actions and then using the privilege to avoid responding to discovery requests." *Wargo*, supra, 123 Ohio App.3d at 120, citing Robert A. Wade, Note, The Ohio Physician-Patient Privilege: Modified, Revised, and Defined, 49 Ohio St.L.J. 1147, 1157 (1989) ["If the physical condition of the patient is at issue in a case, it would be a burlesque upon logic to allow the patient to claim the privilege."].

{¶29} If the records are covered by R.C. 2317.02(B) and waiver of the privilege applies, the trial court must determine whether the records are related causally or historically to physical or mental injuries relevant to the issues in this case. *Folmar*, supra, 2006-Ohio-1849 at ¶ 23.

{¶30} Appellant argues the medical records requested by appellee are privileged to the extent appellee seeks "an authorization for release of all of [appellant's] medical records for her entire lifetime (including records of sexually transmitted diseases, AIDS, and 11W (*sic*), mental health services, and alcohol and drug abuse treatment." Appellant further argues such records are not related causally or historically to physical or mental injuries appellant complains of.

{¶31} Evidence in the limited record before us does not demonstrate appellant has waived the privilege, certainly as it relates to any records of sexually-transmitted diseases and the like. The record does not appear to put such conditions at issue, nor

does it "contain sufficient facts from which we could conclude that a judicially created waiver might be appropriate." *Thompson*, supra, 2008-Ohio-2282 at ¶ 17.

{¶32} Upon further development and discovery, appellant's mental health records may or may not be relevant. Pursuant to our decisions in *Folmar* and *Thompson*, supra, we find the trial court erred in not conducting an in camera inspection of the records before ordering them to be disclosed. 2006-Ohio-1849 at ¶ 25. If the trial court finds a record is a medical document, the court must determine whether it is related causally or historically to physical or mental injuries relevant to the instant case. Only those records which meet the definition under R.C. 2317.02(B) should be released. *Id.*

{¶33} Appellee points out that appellant makes her claim of privilege before she has even obtained the requested records, and we agree it is premature to seek a declaration of privilege on records that have yet to be produced. Pursuant to Civ.R. 26(B)(6)(a), "[w]hen information subject to discovery is withheld on a claim that it is privileged, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

{¶34} We note we have reviewed the CD in the record of the documents submitted under seal to the trial court; the records are voluminous and in general terms appear contain at least some of the records requested by appellee, including, e.g., reports of MedCentral Health System, Mustafa Garbadawala, M.D., Scot Wilging, D.C., Orthopaedic Spine and Sports Medicine Institute, and MedCentral Wellness

Complex. It also appears that at least some of the records requested by appellee are not contained in the documents provided, if in fact such records exist.

{¶35} In light of the early stage of this case, we find the advisable practice is for appellant to submit the requested records along with a privilege log to the trial court for in camera review. See, *Wooten, supra*, ¶17 (a trial court has the inherent authority to regulate discovery and can order an in camera inspection of hospital records without a request to do so to protect privileged medical records).

{¶36} We are mindful of the fact that the in camera review may be burdensome for the trial court, and it is impractical to an extent to expect the court to parse through the records and speculate as to their potential relevance when the issues in the case are not yet fully developed. *Bogart*, supra, 2010-Ohio-4526 at ¶ 70 ("Prior to trial, it is unreasonable and impractical to require a trial judge to attempt to determine whether a plaintiff's extensive medical history is relevant to the underlying action…."). The preparation of a privilege log, therefore, places the onus back upon appellant, as is her burden, to demonstrate which of the records, once produced, are not causally or historically related. See, *Hartzell v. Breneman*, 7th Dist. No. 10 MA 67, 2011-Ohio-2472; *Patterson v. Zdanski*, 7th Dist. No. 03BE1, 2003-Ohio-5464.

{¶37} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

PAD:kgb

[Cite as *Moore v. Ferguson*, 2012-Ohio-6087.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY MOORE | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRENDA FERGUSON, et al. | : | |
| | : | |
| | : | Case No. 12CA58 |
| Defendants-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and remanded.  Costs assessed to Appellee.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE