[Cite as *Bircher v. Durosko*, 2013-Ohio-5873.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD BIRCHER | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ROBERT DUROSKO | : | Case No. 13-CA-62 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
Court of Common Pleas, Case No.
2013 CV 00026

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT:     December 19, 2013

APPEARANCES:

For Plaintiff-Appellant

MICHAEL K. GEISER
Cecil & Geiser, LLP
495 South High Street
Suite 400
Columbus, OH 43215

For Defendant-Appellee

BENJAMIN W. WRIGHT
Gallagher, Gams, Pryor,
Tallan & Littrell, LLP
471 East Broad Street, 19th Floor
Columbus, OH 43215

*Baldwin, J.*

{¶1}    Appellant Donald Bircher appeals a judgment of the Fairfield County Common Pleas Court granting appellee Robert Durosko's motion to compel the discovery of medical records.

## STATEMENT OF FACTS AND CASE

{¶2}    Appellant brought the instant action seeking damages for injuries received in an automobile accident with appellee on February 8, 2011.   Appellee sought production of "any and all medical reports and/or records in your possession by a treating and/or examining physician for the ten (10) years prior to the injury that is the basis of this lawsuit."  Appellant objected on the basis that the request sought medically privileged information.

{¶3}    When the parties were unable to resolve the discovery dispute, appellee filed a motion to compel.  In response, appellant argued that the records were not relevant as they were not causally or historically related to the accident in question, and in the alternative argued that the court should conduct an in camera inspection of the records to determine which records were causally or historically related to the lawsuit before disclosing them to appellee.

{¶4}    The court granted the motion to compel, ordering appellant to respond to all outstanding discovery requests from appellee, specifically the production of the requested medical records, on or before October 4, 2013.  Appellant assigns four errors on appeal:

{¶5}    "I.  THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO COMPEL.

{¶6} "II.    THE TRIAL COURT ERRED BY REQURIING PLAINTIFF TO PRODUCE CONFIDENTIAL MEDICAL RECORDS IN CONTRAVENTION OF R.C. 2317.02.

{¶7} "III.    THE TRIAL COURT ERRED IN FAILING TO ORDER AN IN CAMERA INSPECTION OF PLAINTIFF'S MEDICAL RECORDS WHICH ARE PRIVILEGED AND ARE NOT CAUSALLY OR HISTORICALLY RELATED TO THE INJURIES SUSTAINED BY THE PLAINTIFF.

{¶8} "IV.    THE TRIAL COURT ERRED IN NOT CLARIFYING WHETHER PLAINTIFF WAS REQUIRED TO PRODUCE UNRELATED CONFIDENTIAL MEDICAL RECORDS REQUESTED DURING DISCOVERY OR UNRELATED CONFIDENTIAL MEDICAL RECORDS REQUESTED IN DEFENDANT'S MOTION TO COMPEL PRODUCTION."

{¶9}    The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

{¶10}   "(E) Determination and judgment on appeal.

{¶11}   "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶12}   One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983).

{¶13}   This appeal will be considered with the above in mind.

{¶14}   At the outset, appellee has argued that the judgment appealed from is not a final, appealable order because there has not yet been a determination of privilege. This Court has previously held that a discovery order compelling the production of medical documents is a final, appealable order. *Banks v. Ohio Physical & Medical Rehabilitation, Inc.*, 5th Dist. Fairfield No. 07CA68, 2008-Ohio-2165, ¶16.  Implicit in the court's order compelling appellant to turn over all medical records from the last ten years is a finding that appellee has waived the privilege provided by R.C. 2317.02(B) by filing the instant action.  Therefore, the order appealed from is a final, appealable order.

III.

{¶15}   We address appellant's third assignment of error first, as it is dispositive of the appeal.  Appellant argues that the court erred in failing to conduct an in camera inspection of the medical records to determine which records were causally or historically related to the lawsuit.  We agree.

{¶16}   This court may not reverse a trial court's decision on a motion to compel discovery absent an abuse of discretion.  *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). The Supreme Court has frequently defined the abuse of discretion standard as implying that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*

{¶17}   R.C. 2317.02(B) provides that physicians' records are generally privileged; however, the statute sets forth situations in which the patient has been deemed to have waived that privilege.  Appellee claims appellant has waived that privilege pursuant to R.C. 2317.02(B)(3)(a):

{¶18} "If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code."

{¶19} In *Folmar v. Griffin*, 166 Ohio App. 3d 154, 549 N.E.2d, 324, 2006-Ohio-1849, we found that a trial court abuses its discretion when it compels the discovery of medical records without first determining by in camera inspection whether the records are causally or historically related to the action:

{¶20} "We hold that the trial court erred in not conducting an in camera inspection of the records before ordering them disclosed. The trial court should have issued an order for the records to be transmitted under seal for the court's review in camera. After receiving records under seal, a court then examines each record to determine whether it is a medical or psychiatric document to which R.C. 2317.02(B) applies. If the court finds that a record is a medical document, the court must further determine whether it is related causally or historically to physical or mental injuries relevant to the issues in the civil action. Only those medical and psychiatric records that meet this definition under R.C. 2317.02(B) should be released.

{¶21}    "After the court has reviewed the documents in camera, it should place any documents that it finds privileged in the record under seal so that in the event of an appeal, this court may review the information."  *Id.* at ¶25, 27.

{¶22}    Likewise, in *Thompson v. Chapman*, 176 Ohio App. 3d 334, 891 N.E.2d 1247, 2008-Ohio-2282, we found that the trial court abused its discretion in compelling the production of psychological and psychiatric treatment records without first conducting an in camera inspection to determine whether the records were subject to disclosure pursuant to R.C. 2317.02(B).  *Id.* at ¶24.

{¶23}    In the instant case, the trial court abused its discretion in granting appellee's motion to compel discovery of medical records without first conducting an in camera inspection to determine which records were causally or historically related to the action.  The third assignment of error is sustained.

{¶24}    The remaining assignments of error are rendered moot by our disposition of assignment of error three.

{¶25}   The judgment of the Fairfield County Common Pleas Court is reversed. This cause is remanded to that court for further proceedings according to law, consistent with this opinion.   Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

CRB/rad

[Cite as *Bircher v. Durosko*, 2013-Ohio-5873.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DONALD BIRCHER | : | |
| | : | |
| Plaintiff -Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT DUROSKO | : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 13-CA-62 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed and remanded. Costs assessed to appellee.

HON. CRAIG R. BALDWIN

HON. W. SCOTT GWIN

HON. JOHN W. WISE