[Cite as *Croston v. Massillon Chiropractic Clinic*, 2015-Ohio-25.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DANIEL L. CROSTON | : | JUDGES: |
| | : | |
| Plaintiff - Appellant | : | Hon. Sheila G. Farmer, P. J. |
| | : | Hon. Patrica A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MASSILLON CHIROPRACTIC CLINIC, ET AL. | : | Case No. 2014CA00108 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
of                                            Common Pleas, Case No.
                                                         2014-CV-00154

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT:                     January 5, 2015

APPEARANCES:

For Plaintiff-Appellant                            For Defendant-Appellee
                                                       Kenneth R. Haycock, D.C.

GRANT A. GOODMAN
Goodman Law Firm                                     JOSEPH J. FELTES
1360 West 9th Street, Suite 410              JUSTIN S. GREENFELDER
Cleveland, OH 44113                         Buckingham, Doolittle & Burroughs,
LLC

                                                   4518 Fulton Drive NW, Suite 200
                                                   P.O. Box 35548
                                                   Canton, OH 44735

For Defendants- Appellees
Massillon Chiropractic Clinic and
Lynn A. Olszewski, D.C.

VICTORIA L. VANCE
MICHAEL J. RUTTINGER
Tucker Ellis LLP
950 Main Ave, Suite 1100
Cleveland, OH 44113

*Baldwin, J.*

{¶1}   Appellant Daniel L. Croston appeals a judgment of the Stark County Common Pleas Court granting a motion to compel discovery of medical records in favor of appellees Massillon Chiropractic Clinic, Kenneth R. Haycock, D.C. and Lynn A. Olszewski, D.C.

## STATEMENT OF FACTS AND CASE

{¶2}   Appellant filed the instant action against appellees seeking damages for chiropractic negligence/malpractice, assault and battery, lack of informed consent, and negligent supervision.   During discovery, appellees asked for the production of "all hospital records, monitor strips of any type, x-rays, radiology films, MRIs, CT scans, pathology slides and blocks relating to the care and treatment of Plaintiff, Daniel L. Croston, from 2002 to the present."   Appellees also asked for the production of "all records regarding Plaintiff, Daniel L. Croston, from any physician, chiropractor, psychiatrist, psychologist or other health-care provider relating to the care and treatment of Plaintiff, Daniel L. Croston, from 2002 to the present."   In the alternative, appellees asked appellant to sign a medical release authorization form to allow them to obtain the requested medical records.

{¶3}   Appellant objected on the grounds that producing his entire medical record would lead to the release of records outside the parameters of what is discoverable under Ohio law.  Appellant proposed a "pseudo in camera inspection" in which a court reporting firm would obtain appellant's medical records, Bates stamp them, and provide them to counsel for appellant, who would then review them and determine which records were privileged and which were discoverable.  Counsel proposed that he would

then turn over the unprivileged records to appellees, and give the records he believed to be privileged to the court for in camera inspection.

{¶4}   Appellees further requested any documents relating to collateral benefits paid or expected to be paid, which appellant refused to provide on the basis that collateral benefits are not admissible or discoverable.

{¶5}   The parties were unable to resolve the discovery dispute, and appellee Haycock filed a motion to compel discovery.  The court granted the motion, giving appellant seven days to provide full and complete responses to all interrogatories and requests for documents.  The court rejected appellant's proposal for a pseudo in camera inspection of medical records, and ordered appellant to execute an appropriate medical authorization within seven days.  The court stated that should appellant fail to provide such authorizations, the court would order the release of appellant's medical records pursuant to Loc. R. 11.  The court also found that an award of attorney fees against appellant was appropriate pursuant to Civ. R. 37(A)(4).

{¶6}   Appellant assigns nine errors on appeal:

{¶7}   "I.     THE TRIAL COURT ERRED BY GRANTING DEFENDANT HAYCOCK'S MOTION TO COMPEL DISCOVERY OF PLAINTIFF'S COMPLETE MEDICAL RECORDS, INCLUDING PRIVILEGED MEDICAL RECORDS.

{¶8}   "II.   THE TRIAL COURT ERRED IN COMPELLING THE PLAINTIFF TO EXECUTE BLANK TICKET MEDICAL AUTHORIZATIONS ALLOWING DEFENDANT'S ATTORNEY TO OBTAIN PLAINTIFF'S MEDICAL RECORDS ON HIS OWN WITH NO MECHANISM FOR DETERMINING WHICH RECORDS ARE PRIVILEGED.

{¶9} "III.   THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ENSURE PRIVILEGED MEDICAL RECORDS WERE NOT DIVULGED.

{¶10} "IV.   LOC. R. 11, TO THE EXTENT IT IS USED AS A SUBSTITUTE FOR IN CAMERA INSPECTIONS, VIOLATES OHIO LAW.

{¶11} "V.   BECAUSE THERE ARE INSUFFICIENT SAFEGUARDS PROTECTING AGAINST THE RELEASE OF A PLAINTIFF'S PRIVILEGED MEDICAL RECORDS, LOC. R. 11 CANNOT BE USED IN CIVIL CASES.

{¶12} "VI.   DEFENDANT'S USE OF LOC. R. 11, IN AN EFFORT TO OBTAIN PRIVILEGED MEDICAL RECORDS, VIOLATES OHIO LAW.

{¶13} "VII.   DEFENDANT'S USE OF LOC. R. 11, IN AN EFFORT TO OBTAIN NON-HOSPITAL RECORDS, VIOLATES THE RULES.

{¶14} "VIII.   IN ORDER TO DETERMINE THE AMOUNT ACCEPTED AS FULL PAYMENT BY A MEDICAL PROVIDER, DEFENDANTS ARE NOT ALLOWED TO VIOLATE THE COLLATERAL SOURCE RULE BY DISCOVERING EOBs AND OTHER EVIDENCE IN THE POSSESSION OF HEALTH INSURERS.

{¶15} "IX.   THE TRIAL COURT ERRED IN AWARDING DEFENDANT HAYCOCK ATTORNEY'S FEES."

I, II, III

{¶16} We address appellant's first three assignments of error together, as the parties did in their briefs.

{¶17} Appellant argues that the court erred in granting the motion to compel discovery because the request for medical records from all providers spanning a time period from 2002 up to the present is overbroad, and encompasses matters protected by physician-patient privilege.

{¶18} This court may not reverse a trial court's decision on a motion to compel discovery absent an abuse of discretion. *State ex rel. The V Cos. v. Marshall,* 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). The Supreme Court has frequently defined the abuse of discretion standard as implying that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*

{¶19} R.C. 2317.02(B) provides that physicians' records are generally privileged; however, the statute sets forth situations in which the patient has been deemed to have waived that privilege:

> If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim,

action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code.

{¶20}  In *Folmar v. Griffin,* 166 Ohio App.3d 154, 549 N.E.2d, 324, 2006–Ohio–1849, we found that a trial court abuses its discretion when it compels the discovery of medical records without first determining by in camera inspection whether the records are causally or historically related to the action:

> We hold that the trial court erred in not conducting an in camera inspection of the records before ordering them disclosed. The trial court should have issued an order for the records to be transmitted under seal for the court's review in camera. After receiving records under seal, a court then examines each record to determine whether it is a medical or psychiatric document to which R.C. 2317.02(B) applies. If the court finds that a record is a medical document, the court must further determine whether it is related causally or historically to physical or mental injuries relevant to the issues in the civil action. Only those medical and psychiatric records that meet this definition under R.C. 2317.02(B) should be released.

> After the court has reviewed the documents in camera, it should place any documents that it finds privileged in the record under seal so that in the event of an appeal, this court may review the information.

{¶21}  *Id.* at ¶ 25, 27.

{¶22}  We likewise held that a trial court could not order the discovery of arguably privileged medical records without first conducting an in camera inspection to determine whether the records are causally or historically related to physical or mental injuries relevant to the issues in the civil action in *Bircher v. Durosko,* 5th Dist. Fairfield 13-CA-62, 2013-Ohio-5873, *Collins v. Interim Healthcare of Columbus,* 5th Dist. Perry No. 13–CA–00003, 2014–Ohio–40, *In the Matter of the Guardianship of Ellen Jane Powelson Sharp*, 5th Dist. Muskingum No. CT2014–0003, 2014-Ohio-3613, and *Moore v. Ferguson,* 5th Dist. Richland No. 12CA58, 2012-Ohio-6087.

{¶23}  However, in the instant case, appellant is not seeking an in camera review of records he has specifically identified as privileged pursuant to Civ. R. 26(B)(6)(a), which provides:

> When information subject to discovery is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{¶24}  Rather, he is asking this Court to require the trial court to hire a court reporting firm at appellee's expense to collect all of the requested medical records, both privileged and discoverable pursuant to R.C. 2317.02(B), or in the alternative for all of the medical records to be released directly to the court for an in camera review.  We

decline to require the trial court to assume appellant's burden pursuant to Civ. R. 26(B)(6)(a).

{¶25} Appellant has not made a supported claim of privilege to the trial court pursuant to Civ. R. 26(B)(6)(a). Appellant has not collected the medical records and reviewed them to determine which he believes are discoverable and which are privileged. Therefore, there have not been any records produced for the court to conduct an in camera inspection. The trial court did not err in granting the motion to compel under the facts and circumstances of the instant case.

{¶26} Appellant's first, second, and third assignments of error are overruled.

IV, V, VI, VII

{¶27} We address appellant's fourth, fifth, sixth and seventh assignments of error together, as the parties did in their briefs.

{¶28} Appellant argues that the court erred in using Loc. R. 11 to obtain medical records. Appellant argues that this rule allows the court to order discovery of medical records that are privileged.

{¶29} Stark County Common Pleas Court R. 11.01 provides:

> Upon motion of any party showing good cause therefore and upon notice to all other parties, the Judge may order any hospital in the county, by any agent thereof competent to act in its behalf, to reproduce by Photostatting or other recognized method of facsimile reproduction, all or any portion of designated hospital records or X-rays, not privileged, which constitute or contain evidence pertinent to

an action pending in this Court. Such order shall direct the hospital to describe by cover-letter, the portion or portions of the records reproduced and any omissions therefrom, and to specify the usual and reasonable charges therefore, and such order shall designate the person or persons to whom such reproductions shall be delivered or made available.

{¶30} The trial court stated in the June 5, 2014 Judgment Entry that should appellant fail to provide medical authorizations as ordered, "the Court hereby orders the release of Plaintiff's medical records pursuant to Local Rule 11."

{¶31} We note that the court's use of Local Rule 11 was conditional on appellant's failure to execute the authorizations.  Further, while appellant argues the court improperly used the rule to obtain all medical records and not specifically hospital records, the record does not support appellant's claim at this stage of the proceedings. The rule specifically applies only to hospital records, and we presume that a trial judge knows the law and applies it accordingly.  *See Smith v. Jewett,* 5th Dist. Richland No. 04 CA 96, 2005-Ohio-3982, ¶33.

{¶32} Appellant also argues that the rule may be used to obtain privileged records.  The rule specifically states that the judge may order a hospital to produce records that are not privileged.  Therefore, the rule preserves the right of the litigant to protect medical records which are privileged, and appellant's right to make a specific claim of privilege is not circumvented by Rule 11.01.

{¶33} The fourth, fifth, sixth and seventh assignments of error are overruled.

VIII

{¶34} In his eighth assignment of error, appellant argues that the court erred in compelling discovery of collateral benefits. Appellees requested the identification of every "health or disability insurance company, medical plan, employer, state compensation board, federal agency, welfare department, life insurance company and/or other entity or individual" who had paid medical expenses, losses, or expenses, including their names and addresses, and the specific bill and amount paid by each. Appellant responded that "collateral benefits are not admissible and nondiscoverable."

{¶35} Appellant cites no authority for his proposition that because evidence of collateral benefits may not be admissible at trial, such evidence is therefore not available to appellees in discovery. Civ. R. 26(B)(1) specifically states, "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The Ohio Supreme Court has specifically held that it is not grounds for objection under Civ.R. 26(B)(1) that evidence of collateral benefits will be inadmissible at trial. *Buchman v. Wayne Trace Local School Dist. Bd. of Edn.,* 73 Ohio St.3d 260, 272, 652 N.E.2d 952, 1995-Ohio-136, citing *Hughes v. Groves*, 47 F.R.D. 52, 56 (W.D.Mo.1969).

{¶36} The eighth assignment of error is overruled.

IX

{¶37} In his final assignment of error, appellant argues that the court erred in awarding attorney fees to appellee Haycock.

{¶38} The trial court found that an award of attorney fees was appropriate, and ordered appellee Haycock to present his fee statements to the court for review within seven days of the order. Appellant filed his notice of appeal on June 12, 2014. Appellee Haycock submitted a fee statement later the same day. The court did not enter judgment in accordance with the fee statement, but stayed all proceedings pending appeal. Because the court did not make an award of fees, the issue of attorney fees is not a final, appealable order. *Folmar v. Griffin*, *supra*, at ¶34; *TCF Natl. Bank v. Estate of Oliver*, 5th Dist. Stark No. 2009CA00124, 2010-Ohio-1306, ¶8.

{¶39} The ninth assignment of error is overruled.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.