McCOY, Appellant,

v.

MAXWELL, Appellee.

[Cite as *McCoy v. Maxwell* (2000), 139 Ohio App.3d 356.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0099.

Decided Oct. 2, 2000.

[black redaction bars]

*David P. Bertsch,* for appellant.

*Mary S. Poland and Norman W. Sandvoss,* for appellee.

NADER, Judge.

Appellant, Elaine McCoy, appeals the judgment issued by the Portage County Court of Common Pleas, granting appellee Jennifer Maxwell's motion to compel discovery.

On December 28, 1998, appellant filed a complaint against appellee for malicious prosecution, libel, and slander. On January 21, 1999, appellee filed a motion for a definite statement, pursuant to Civ.R. 12(E). On February 10, 1999, the trial court granted appellee's motion and ordered appellant to file an amended complaint. Appellant's amended complaint set forth causes of action for libel and slander and included the following allegations:

"1. On or about November 23, 1998, Defendant, Jennifer Maxwell, maliciously filed a report with the Kent State University Police Department in which she falsely accused Plaintiff of criminal conduct and made other false statements which maliciously maligned Plaintiff's character and reputation, including, but not limited to, the statement that Plaintiff was an alcoholic whose alcoholism was out of control, that Plaintiff was an unstable individual who had been sexually harassing Defendant and, that Plaintiff had been stalking Defendant and might potentially try to kill her.

"2. Plaintiff has suffered irreparable damages, including damage to her personal and professional reputation as a proximate result of Defendant's maliciously libeling her."

On August 10, 1999, appellee filed a motion to compel discovery of the name and address of appellant's psychologist and/or psychiatrist and her treatment records. Appellee argued that the information was discoverable because appellant had made a claim for damages, and appellee was entitled to verify damages

that appellant may seek for emotional distress. Appellee also argued that because appellant's complaint alleged that appellee stated that appellant was an unstable person, appellant's psychological and psychiatric records may provide information relevant to appellee's defense.

On September 22, 1999, appellant filed a memorandum in opposition to appellee's motion to compel discovery. Appellant argued that the records were not relevant because she had not made any claim for emotional distress and that if they were relevant, the records are privileged and undiscoverable under R.C. 2317.02 and 4732.19. On October 8, 1999, the trial court granted appellee's motion to compel discovery and ordered that appellant provide to appellee's attorney the names and addresses of all treating psychologists and psychiatrists and the appropriate medical releases for records. The trial court concluded that the information was discoverable because appellant's psychiatric background was relevant to appellee's defense. From this judgment, appellant assigns the following error:

"The trial court committed prejudicial error as a matter of law in granting a motion to compel plaintiff to divulge privileged information regarding any psychiatric or psychological treatment."

Appellant contends that any information about her psychiatric or psychological treatment is privileged under R.C. 2317.02(B) and 4732.19 and cannot be discovered unless that privilege is waived. Appellant asserts that because she is not claiming damages for emotional distress in her lawsuit against appellee, she did not waive the physician-patient or psychologist-client privilege.

Pursuant to R.C. 4732.19, confidential communications between a licensed psychologist and client are "privileged in the same manner as communications between a physician and a patient." *State v. Stewart* (1996), 111 Ohio App.3d 525, 530, 676 N.E.2d 912, 916. R.C. 2317.02 governs the physician-patient privilege and has been interpreted by the Supreme Court of Ohio to mean that the privilege applies to all communications between a physician and patient unless it is waived. *In re Miller* (1992), 63 Ohio St.3d 99, 109, 585 N.E.2d 396, 404–405. R.C. 2317.02(B)(1) sets forth three circumstances when the physician-patient privilege is waived:

"The testimonial privilege under this division does not apply * * * in any of the following circumstances:

"(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:

"(i) If the patient or the guardian or other legal representative of the patient gives express consent;

"(ii) If the patient is deceased, the spouse of the patient or the executor or administrator of his estate gives express consent;

"(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.11 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or his guardian or other legal representative."

R.C. 2317.02(B)(1)(a)(iii) applies to this case because appellant is a patient who has filed a civil action; however, her medical records are not automatically discoverable merely because she fits within this category. Although R.C. 2317.02(B)(1)(a)(iii) provides that the physician-patient privilege does not apply to an individual in appellant's circumstances, R.C. 2317.02(B)(3)(a) places a limit on what communications may be discovered and provides:

"If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to him by the patient in question in that relation, or his advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code."

■ In the instant case, appellant's psychiatric or psychological records remain privileged because they are not communications that relate causally or historically to physical or mental injuries that are relevant to issues in the defamation suit filed by appellant. We recognize that information contained in appellant's psychological or psychiatric records may be extremely relevant to appellee's defense of the defamation suit; however, relevancy alone does not waive the physician-patient or psychologist-client privilege. Because appellant has not made a claim for emotional distress or mental anguish and has merely alleged that statements made by appellee damaged her personal and professional reputation, she did not waive the physician-patient or psychologist-client privilege. The trial court erred by ordering appellant to divulge information relating to her psychiatric or psychological treatment. Appellant's sole assignment of error has merit.

For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed, and this cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM M. O'NEILL, J., concurs.

CHRISTLEY, P.J., dissents.

CHRISTLEY, Presiding Judge.

I respectfully dissent from the opinion and judgment of the majority for the following reasons.

According to the majority opinion, although appellant filed a civil defamation suit, she did not waive the physician-patient or psychologist-client privilege because appellant had not made a claim for emotional distress or mental anguish. Instead, she alleged merely damage to her reputation. Further, the majority states that appellant's psychiatric or psychological records remain privileged because they are not communications that relate causally or historically to physical or mental injuries that are relevant to issues in appellant's defamation suit. Finally, they claim that relevancy alone is an insufficient reason to proclaim that a waiver has occurred.

The Supreme Court of Ohio has determined that there is no waiver of the physician-patient privilege when "appellant has not *filed* any type of civil action to place his own physical condition at issue, [thus,] no R.C. 2317.02(B)(1)(c) [presently R.C. 2317.02(B)(1)(iii) ] waiver has occurred. Lastly, the facts of this case are not so compelling that a judicially created waiver must be invoked.  * * * " (Emphasis *sic*.) *In re Miller* (1992), 63 Ohio St.3d 99, 109, 585 N.E.2d 396, 404. Even though *Miller* is clear that the physician-patient privilege applies unless it is waived, an unambiguous reading of *Miller* is that the filing of a civil suit which places at issue a person's own physical or mental condition would trigger a waiver. *Id.* at 109, 585 N.E.2d at 404–405.

Working within the parameters set out in *Miller*, it would seem evident that a waiver occurred in the case before us, as the three distinguishing factors are all present: (1) it was appellant who filed the defamation action, (2) it was appellant who put her mental health at issue by filing this civil action, and (3) it was appellant's refusal to waive the privilege that prevents appellee from being able to defend against appellant's suit. Hence, there are compelling facts here for a waiver of the physician-patient privilege.

Almost without exception, those cases that uphold a strict reading of the physician-patient privilege also distinguish and exempt those instances where the patient claiming privilege is the plaintiff and not the defendant, as well as those instances where the patient/plaintiff had not placed their own physical or mental condition at issue.

Most recently, the Southern District of Ohio, Western Division, has had the opportunity to comment on this issue in *Varghese v. Royal Maccabees Life Ins. Co.* (S.D.Ohio 1998), 181 F.R.D. 359. There, the defendant sought discovery of certain documents contained within the medical records from plaintiff's medical practice, and the court stated the following:

" * * *At issue in the present case are the substantial and material duties involved in Plaintiff's regular occupation upon which he had premised his disability claim. Plaintiff contends that he was an otolaryngological surgeon, specializing in laser microsurgery and other highly skilled procedures. In order to determine whether Plaintiff is unable to perform any or all of the substantial and material duties of his job, Defendant must necessarily determine what those duties were. *In filing the present action, plaintiff put this at issue. Thus, to permit him now to hide behind the physician-patient privilege would greatly impair Defendant's ability to defend itself.* * * * " (Emphasis added.) *Varghese* at 361.

Here, in her amended complaint, appellant claims two forms of defamation: libel and slander. Specifically, appellant alleged that appellee made statements that she was "an alcoholic whose alcoholism was out of control, that Plaintiff [appellant] was an unstable individual who had been sexually harassing Defendant [appellee] and, that Plaintiff had been stalking Defendant and potentially might try to kill her."

The elements of defamation are (1) the defendant made a false statement, (2) the false statement was defamatory, (3) the false defamatory statement was published, (4) the plaintiff was injured, and (5) the defendant acted with the required degree of fault. *Sweitzer v. Outlet Communications, Inc.*, (1999), 133 Ohio App.3d 102, 108, 726 N.E.2d 1084, 1087–1088. Appellant has no claim unless she asserts that it is untrue that she is an unstable person and an out of control alcoholic.

There can be no serious doubt that the only defense available to appellee is the assertion that the remarks at issue were true; specifically, that appellant was "an unstable individual" and one "whose alcoholism was out of control." In Ohio, truth is always a defense in any action for defamation.[1] *Shifflet v. Thomson*

---

1. R.C. 2739.02 concerns the defense of truth in actions for libel or slander, and states:

*Newspapers, Inc.* (1982), 69 Ohio St.2d 179, 23 O.O.3d 205, 431 N.E.2d 1014. Further, under Civ.R. 26(B)(1), parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action or *relates to the* claims or *defenses of the party seeking discovery.* Thus, the core issue in this case was whether the physician-patient privilege was waived by appellant when she filed her lawsuit in which the status of her mental condition was central to the defense of this action.

R.C. 2317.02(B)(1)(a)(iii) provides that the physician-patient privilege is waived "[i]f a medical claim, dental claim, chiropractic claim, or optometric claim, * * * an action for wrongful death, *any other type of civil action,* or a claim under Chapter 4123. of the Revised Code is *filed by the patient* [.]" (Emphasis added.) As previously indicated, the phrase "any other type of civil action" has been interpreted by the Supreme Court of Ohio as referring to "any type of civil action to place [the patient's] own physical [or mental] condition at issue[.]" *Miller* at 109, 585 N.E.2d at 404.

Hence, in the instant case, the physician-patient privilege was waived when appellant filed her civil complaint and placed her mental health at issue, to wit, whether appellant was an unstable person whose alcoholism was out of control.

"Ohio appellate courts have found that the *physician-patient privilege does not apply when the patient files a civil action which directly places the patient's physical or mental condition at issue.* See *Kutz v. Ohio Edn. Assoc.* (Mar. 16, 1995), Franklin App. No. 94APE06–781, unreported [1995 WL 115428] (Privilege was not applicable because 'the handicap discrimination charge filed by appellant with OCRC constitutes a civil action which places appellant's physical and mental health at issue because the charge requires a determination both as to whether appellant is handicapped, and whether appellant can safely perform the duties of her job.')[.]" (Emphasis added.) *Porter v. Litigation Mgt., Inc.* (May 11, 2000) Cuyahoga App. No. 76159, unreported, at 2, 2000 WL 573197.

With all due respect, the majority has misconstrued the statute of waiver and has created a situation where there can be no possibility of any opportunity to defend on the part of appellee. The trial court's judgment should be upheld.

---

"In an action for a libel or a slander, the defendant may allege and prove the truth of the matter charged as defamatory. *Proof of the truth thereof shall be a complete defense.* In all such actions any mitigating circumstances may be proved to reduce damages." (Emphasis added.)