FOLMAR, Appellee,

v.

GRIFFIN, Appellant.

[Cite as *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 2005CAE080057.

Decided April 7, 2006.

Ross Gillespie, for appellee.

Michael Beaver, Alexander M. Spater, and David W. Wenger, for appellant.

David Lester and Gary S. Greenlee, for State Farm Fire & Casualty Co.

GWIN, Presiding Judge.

{¶ 1} Defendant-appellant, Raymond Griffin, appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which sustained the motion to compel discovery of records filed by plaintiff-appellee, Linda Folmar. Specifically, appellee sought copies of appellant's counseling records from Moundbuilders Guidance Center. Appellant assigns four errors to the trial court:

{¶ 2} "I. The trial court abused its discretion in holding that appellant's counseling records from Moundbuilders counseling center (hereinafter 'Moundbuilders') are not privileged because they fall under an exception to the physician-patient privilege enumerated in R.C. 2317.02(B)(1)(a)(iii).

{¶ 3} "II. The trial court abused its discretion by not conducting an in camera inspection of appellant's counseling records from Moundbuilders.

{¶ 4} "III. The trial court abused its discretion in granting appellee's motion to compel discovery and therefore granting appellee's request for a general medical release.

{¶ 5} "IV. The trial court erred in stating that appellee was entitled to attorney fees as sanctions."

{¶ 6} This action arose out of an altercation between the parties on July 14, 2004. Appellee filed her complaint against appellant for assault, battery, and negligent and/or intentional infliction of emotional distress. In return, appellant filed a counterclaim against appellee, asserting claims for assault, battery, trespass to chattels, negligence, defamation, and intentional infliction of emotional distress. Appellant's counterclaim alleged both physical injury and severe emotional and psychological distress.

{¶ 7} The parties proceeded to discovery. Appellee's first set of interrogatories included Interrogatory No. 16, which stated, "Please list and identify every person the defendant intends to call as a witness at the time of trial in the order which said persons will testify. Also please state the present addresses of those witnesses." In response, the appellant listed various persons, including Steve Fidler, Moundbuilders Guidance Center, 65 Messimer Drive, Newark, Ohio.

{¶ 8} Appellee's Interrogatory No. 17 asked for a brief summary of the testimony of each person listed in the answer to Interrogatory No. 16, as well as a list of any documents that those persons might produce at trial. Appellant's response gives details about some of the persons listed in his answer to Interrogatory No. 16, but does not include any reference to Steve Fidler.

{¶ 9} Appellee's Interrogatory No. 21 stated, "Please state whether or not you have ever been referred to, or ordered to undergo or take part in, voluntarily or involuntarily, any type of anger management counseling, and if so, please state the basis and reason for your participation, the name of your counselor(s), whether your participation was voluntarily or involuntarily, the dates and locations for participation, and the outcome or result of your participation."

{¶ 10} Appellant's answer states, "Objection. The information sought is not relevant to any issue presented in this action nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, this information is not admissible at trial and would be unfairly prejudicial to defendant. Without waiving this objection, defendant states: Yes I took anger management counseling at Moundbuilders Guidance Center with Steve Fidler in Newark, Ohio pursuant to the order of the Licking County Municipal Court."

{¶ 11} On February 18, 2005, and March 24, 2005, appellee asked appellant to sign an authorization to release records. The document authorized release of all records, including but not limited to medical records, hospital records, physicians' reports and opinions, records of visits and appointments, summaries, case histories, progress notes, nurses' notes, consultation reports, records of any tests, psychiatric records, psychological records, and any other records, documents, and writings. The release authorized all the above to be turned over directly to appellee's counsel. Appellant objected to the form of the release and did not sign it.

{¶ 12} On June 8, 2005, appellee made a third demand, and when no records were forthcoming, she filed a motion to compel on June 15, 2005. Appellant moved to quash the subpoena to Moundbuilders and for a protective order.

{¶ 13} On July 22, 2005, the court issued its decision, finding that psychological and psychiatric reports are admissible under R.C. 2317.02(B) as long as they are causally or historically related to physical or mental injuries that are relevant to the issues in the civil action. The court noted that the testimonial privilege under this statute does not apply in civil actions if, among other factors, a medical claim is raised by the patient. The trial court concluded that R.C. 2317.02 applies to appellant's psychological and psychiatric records and that those records are not privileged because they relate causally or historically to the physical and/or mental injuries set forth in his counterclaim.

{¶ 14} Our standard of review for decisions on motions to compel is the abuse-of-discretion standard. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198. This court may not reverse a trial court's decision absent an abuse of discretion. Id. The Supreme Court has frequently defined the abuse of discretion as implying that the court's attitude was unreasonable, arbitrary, or unconscionable. Id.

## I & II

{¶ 15} In his first assignment of error, appellant argues that his counseling records are privileged pursuant to R.C. 2317.02(G), and in his second assignment of error, he argues that the court should have conducted an in camera review of the records before ordering them released to appellee.

{¶ 16} The trial court cited R.C. 2317.02(B) as authorizing the release of the records. R.C. 2317.02 (B) refers to communications with physicians:

{¶ 17} "(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by

section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject. The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances: (a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances: * * * (iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient."

{¶ 18} Psychiatrists are treated like other medical doctors. *McCoy v. Maxwell* (2000), 139 Ohio App.3d 356, 743 N.E.2d 974.

{¶ 19} Subsection (G) applies the same privilege to mental-health professionals, such as clinical counselors, professional counselors, social workers, and therapists. It provides: "(1) A school guidance counselor who holds a valid educator license from the state board of education as provided for in section 3319.22 of the Revised Code, a person licensed under Chapter 4757. of the Revised Code as a professional clinical counselor, professional counselor, social worker, independent social worker, marriage and family therapist or independent marriage and family therapist, or registered under Chapter 4757. of the Revised Code as a social work assistant concerning a confidential communication received from a client in that relation or the person's advice to a client unless any of the following applies: * * *

{¶ 20} "(d) The client voluntarily testifies, in which case the school guidance counselor or person licensed or registered under Chapter 4757. of the Revised Code may be compelled to testify on the same subject. * * *

{¶ 21} "(g) The testimony is sought in a civil action and concerns court-ordered treatment or services received by a patient as part of a case plan journalized under section 2151.412 of the Revised Code or the court-ordered treatment or services are necessary or relevant to dependency, neglect, or abuse or temporary or permanent custody proceedings under Chapter 2151. of the Revised Code."

{¶ 22} It may well be that appellant's records contain both psychiatric records from psychiatrists, who are physicians, and also therapy records from mental-health professionals who are not physicians. This court cannot determine how to apply the statute because the record does not contain any of the documents at issue. It is clear that the trial court could not determine how to apply the statute because it did not examine the records.

{¶ 23} The conditions for disclosure listed in the statute are not the same for medical records as for counseling records. If the records are covered by R.C. 2317.02(B) because they are physician's records, then the court must determine whether the records are related causally or historically to physical or mental injuries relevant to the issues in this case. If the records are governed by (G), then they are admissible only if the client voluntarily testifies or if the treatment was ordered by a court in proceedings under Chapter 2151 of the Revised Code.

{¶ 24} Appellant cites numerous cases in which courts of appeals have held that a trial court must conduct an in camera inspection of records to determine whether they are causally or historically related to the issues on a given case. See, e.g., *Patterson v. Zdanski*, Belmont App. No. 03BE1, 2003-Ohio-5464, 2003 WL 22339492, from the Seventh District; *Neftzer v. Neftzer* (2000), 140 Ohio App.3d 618, 748 N.E.2d 608, from the Twelfth District; *Nester v. Lima Mem. Hosp.* (2000), 139 Ohio App.3d 883, 745 N.E.2d 1153, from the Third District; *Menda v. Springfield Radiologists, Inc.* (2000), 136 Ohio App.3d 656, 737 N.E.2d 590, from the Second District; *Rinaldi v. City View Nursing & Rehab. Ctr., Inc.*, Cuyahoga App. No. 85867, 2005-Ohio-6360, 2005 WL 3215146, from the Eighth District; and *Sweet v. Sweet*, Ashtabula No. 2004–A–0062, 2005-Ohio-7060, 2005 WL 3610481, from the Eleventh District.

{¶ 25} We hold that the trial court erred in not conducting an in camera inspection of the records before ordering them disclosed. The trial court should have issued an order for the records to be transmitted under seal for the court's review in camera. After receiving records under seal, a court then examines each record to determine whether it is a medical or psychiatric document to which R.C. 2317.02(B) applies. If the court finds that a record is a medical document, the court must further determine whether it is related causally or historically to physical or mental injuries relevant to the issues in the civil action. Only those medical and psychiatric records that meet this definition under R.C. 2317.02(B) should be released.

{¶ 26} Likewise, if the court finds that the records are counseling records from mental-health professionals who are not physicians, then subsection (G) applies, and the court must determine whether the information falls under one of the exceptions contained in that section.

{¶ 27} After the court has reviewed the documents in camera, it should place any documents that it finds privileged in the record under seal so that in the event of an appeal, this court may review the information.

{¶ 28} Finally, as appellee points out, the information may be discoverable under the Civil Rules but inadmissible at trial under the Rules of Evidence.

{¶ 29} The first and second assignments of error are sustained.

### III

{¶ 30} In his third assignment of error, appellant argues that the court should not have granted appellee's request for a general medical release. We agree. As stated previously, the medical release should have specified that the information must be submitted under seal to the trial court, not turned over directly to appellee's counsel as the proposed release provided.

{¶ 31} The third assignment of error is sustained.

### IV

{¶ 32} In his fourth assignment of error, appellant urges that the court was incorrect in awarding appellee attorney fees associated with her motion to compel.

{¶ 33} Civ.R. 37 directs the court to award expenses on behalf of the movant unless it finds that the opposition to the motion was substantially justified or that there were other circumstances making an award of expenses unjust. In light of our reversal of the trial court's decision, the award of attorney fees is premature. Until the court has examined the records in camera, it cannot determine whether appellant's opposition to the discovery was justified and, if so, to what extent.

{¶ 34} The notice of appeal was filed before the court had heard evidence on the amount of attorney fees, and no award was actually made. For this reason, the issue of attorney fees is not final.

{¶ 35} The fourth assignment of error is dismissed for lack of jurisdiction.

{¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment reversed
and cause dismissed.

BOGGINS, J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, Judge, concurring.

{¶ 37} I concur with the majority as to the analysis and disposition of this case. I write separately to state two further concerns.

{¶ 38} In regard to the first and second assignments of error, I caution the trial court to be very careful when making any ruling to release records that cover the time period prior to the incident in question. While those earlier

records may be appropriate to establish a baseline for the emotional health of appellant, any release order should be narrowly tailored to accomplish this.

{¶ 39} In regard to the third assignment of error, I find that the release requested by the appellee was inappropriate not only because it required that the records be released to appellee's counsel and not the trial court, but also because it was overly broad.