[Cite as *Miller v. Milano*, 2014-Ohio-5539.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LESLIE MILLER, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2014CA00092 |
| | : | |
| CAROLYN MILANO, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No.
                                2013CV02523



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         December 15, 2014



APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

ANGELA J. MIKULA                        MATTHEW P. MULLEN
THE MIKULA LAW FIRM, LLC                KRUGLIAK, WILKINS, GRIFFITHS &
134 Westchester Dr.                     DOUGHERTY CO., LPA
Youngstown, OH 44515                    158 N. Broadway
                                        New Philadelphia, OH 44663

*Delaney, J.*

{¶1}   Plaintiff-Appellant Leslie S. Miller appeals the May 22, 2014 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On October 1, 2011, Plaintiff-Appellant Leslie S. Miller was involved in an automobile accident with an automobile driven by Defendant-Appellee Carolyn Milano. At the time of the accident, Miller was driving her vehicle with her three children as passengers. Miller was transported from the scene of the accident by an ambulance.

{¶3}   After the accident, Miller received psychological counseling from Joseph S. Napierala, Ph.D. Miller alleged the psychological counseling was for the treatment of emotional issues related to driving and the emotional trauma of Miller's children from the accident. Miller states she concluded treatment for issues stemming from the accident with Dr. Napierala on May 4, 2012.

{¶4}   On September 26, 2013, Miller filed a complaint against Milano for injuries and damages sustained in the automobile accident on October 1, 2011. In her complaint, Miller alleged:

As a direct and proximate result of the negligence and violation of Ohio statutes by Defendant MILANO, Plaintiff states that she:

A. Suffered serious, permanent and disabling physical and emotional injuries;

B. Received medical and hospital care, and will require such care for the treatment of her injuries in the future;

C. Incurred expenses for treatment of her injuries and will continue to incur

expenses for treatment of her injuries in the future;

* * *

F. Lost enjoyment of life and will continue to lose same in the future.

{¶5} The trial deposition of Dr. Napierala was conducted on April 22, 2014. At the conclusion of the direct examination of Dr. Napierala, it was discovered that Miller had resumed treatment with Dr. Napierala after May 4, 2012. Miller alleged the treatment she received after May 4, 2012 was unrelated to the treatment she received for the automobile accident. Miller did not provide the records of Dr. Napierala after May 4, 2012 to counsel for Milano as part of discovery. Counsel for Milano stated he would not conduct the cross-examination of Dr. Napierala until the defense had an opportunity to review Miller's complete record with Dr. Napierala.

{¶6} Milano filed a Motion to Compel on April 25, 2014. The motion requested the trial court to order Miller to produce the complete file regarding his treatment with Miller. In the alternative, Milano argued Dr. Napierala should not be permitted to testify at trial as to his treatment of Miller. Miller responded to the motion arguing the subsequent treatment was unrelated to the injuries claimed by Miller in her complaint. Miller suggested the trial court conduct an in camera inspection of the subsequent treatment records.

{¶7} On May 13, 2014, the trial court ordered Miller to provide the records to the trial court for an in camera inspection. The trial court stated in its judgment entry that it would review the records to determine whether they were relevant to Miller's claim of post-traumatic stress disorder and related issues due to the automobile accident.

{¶8} The trial court issued its judgment entry on May 22, 2014 granting the motion to compel. It stated it conducted an in camera inspection of Miller's treatment records and determined the records to be discoverable due to Miller's claims that her emotional and psychological issues were related to and caused by the automobile accident. The trial court notified the parties in the judgment entry that the discoverable records were placed in an envelope and counsel for Milano could pick the records up at the trial court. The May 22, 2014 judgment entry notes it was to be served by facsimile to counsel for all parties. A review of the facsimile numbers listed in the May 22, 2014 judgment entry shows the numbers to be correct as to the counsel for the parties.

{¶9} The trial deposition of Dr. Napierala was reconvened on May 23, 2014. Miller states she was unaware the trial court released the records to Milano prior to the May 23, 2014 deposition.

{¶10} Miller filed an interlocutory appeal of the May 22, 2014 judgment entry on May 29, 2014.

## ASSIGNMENTS OF ERROR

{¶11} Miller raises two Assignments of Error:

{¶12} "I. PSYCHOLOGICAL COUNSELING WAS RECEIVED FOR ISSUES ARISING OUT OF A MOTOR VEHICLE COLLISION. SUBSEQUENTLY, PSYCHOLOGICAL COUNSELING FOR UNRELATED ISSUES STEMMING FROM CHILDHOOD WAS RECEIVED. SHOULD ALL UNRELATED PORTIONS OF THE SUBSEQUENT TREATMENT RECORDS HAVE REMAINED STATUTORILY PROTECTED FROM DISCLOSURE BY THE TRIAL COURT?

{¶13} "II. THE TRIAL COURT ERRED IN PHYSICALLY RELEASING SUBSEQUENT COUNSELING RECORDS TO DEFENSE COUNSEL BEFORE AN APPEAL ON THE ISSUE OF STATUTORY MEDICAL PRIVILEGE COULD BE PERFECTED."

**ANALYSIS**

**I.**

{¶14} Miller argues in her first Assignment of Error the trial court erred in finding that Miller's subsequent psychological records were discoverable. We disagree.

{¶15} A decision regarding the disposition of discovery issues is reviewed under an abuse of discretion standard. *Contini v. Ohio State Bd. of Edn.,* 5th Dist. Licking No. 2007CA0136, 2008–Ohio–5710, ¶ 46 citing *State ex rel. The v. Companies v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1988). "Abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} A party may move for an order compelling discovery. Civ.R. 37(A). However, it is "well-settled that '[a] trial court enjoys broad discretion in the regulation of discovery, and an appellate court will not reverse a trial court's decision to sustain or overrule a motion to compel discovery absent an abuse of discretion.' " *Watkins v. Holderman,* 10th Dist. Franklin No. 11AP–491, 2012–Ohio–1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.,* 10th Dist. Franklin No. 08AP–987, 2009–Ohio–5201, ¶ 14, citing *Coryell v. Bank One Trust Co. N.A.,* 10th Dist. Franklin No. 07AP–766, 2008–Ohio–2698, ¶ 47.

{¶17} Civ.R. 26(B)(1) states in part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Miller claims her subsequent psychological records are privileged and are not relevant to the pending action. R.C. 2317.02(B) provides that physicians' records are generally privileged; however, the statute sets forth situations in which the patient has been deemed to have waived that privilege. The confidential relations and communications between a licensed psychologist and client are placed upon the same basis as those between a physician and patient under R.C. 2317.02(B). R.C. 4732.19.

{¶18} R.C. 2317.02 states:

(B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.

The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:

(a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:

(i) If the patient or the guardian or other legal representative of the patient gives express consent;

(ii) If the patient is deceased, the spouse of the patient or the executor or administrator of the patient's estate gives express consent;

(iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative.

{¶19} R.C. 2317.02(B)(1)(a)(iii) applies to this case because Miller is a patient who has filed a civil action; however, her psychological records are not automatically discoverable merely because she fits within this category. *See McCoy v. Maxwell*, 139 Ohio App.3d 356, 359, 743 N.E.2d 974 (11th Dist.2000). R.C. 2317.02(B)(3)(a) places a limit on what communications may be discovered and provides:

If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related

causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code.

{¶20} Pursuant to R.C. 2317.02(B), the trial court must determine whether the records are related causally or historically to physical or mental injuries relevant to the issues in the case. *Moore v. Ferguson*, 5th Dist. Richland No. 12CA58, 2012-Ohio-6087*, ¶* 29 citing *Folmar v. Griffin*, 166 Ohio App.3d 154, 2006-Ohio-1849, 849 N.E.2d 324, ¶ 23 (5th Dist.) at ¶ 23. In order to make this determination, the trial court must conduct an in camera inspection of the records before disclosing the records. *See Folmar, supra,* at ¶ 24.

{¶21} In its May 22, 2014 judgment entry granting Milano's motion to compel, the trial court stated:

> The Court has been asked to visit the issue of what medical records are discoverable in the case sub judice. Specifically, Defendant seeks the entire file of Plaintiff's expert, Joseph S. Napierala, Ph.D. In her Complaint, Plaintiff, Leslie Miller, makes a claim for emotional and psychological issues, which conditions she maintains were related to and caused by the subject motor vehicle accident. Thus, Plaintiff has put here [sic] psychological history at issue.
>
> The Court has conducted a review of the records and finds that the documents are discoverable. Defendants' Motion to Compel is hereby

GRANTED. The Court will withhold making any determination regarding ultimate admissibility of said evidence at trial.

{¶22} In the present case, Miller alleged in her complaint that she "[s]uffered serious, permanent and disabling physical and emotional injuries" for which she "will continue to incur expenses for treatment of her injuries in the future." Dr. Napierala diagnosed Miller with post-traumatic stress disorder. (Napierala Depo., p. 12). Dr. Napierala testified his treatment of Miller due to the automobile accident concluded on May 4, 2012. Dr. Napierala stated that Miller's subsequent treatment beginning in July 2014 was not connected to her earlier treatment. (Napierala Depo., p. 39).

{¶23} Civ.R. 26 allows discovery of any matter, not privileged, which is relevant to the subject matter of the pending action. Under R.C. 2317.02(B), it is the trial court's duty to determine if the patient-physician privilege has been waived if the documents are related causally or historically to mental injuries that are relevant to issues in the civil action. In this case, the trial court determined that based on Miller's broad claim of emotional and mental trauma in her complaint, Miller put her subsequent psychological treatment into play. We find no abuse of discretion by the trial court to find Miller's subsequent psychological records were discoverable.

{¶24} The court is sympathetic to Miller's argument that the psychological records at issue are sensitive and private in nature. While those records are discoverable, Miller is not without recourse. As the trial court noted, the information contained in the records may be discoverable under the Civil Rules, but may be inadmissible at trial under the Rules of Evidence. *Folmar, supra*, at ¶ 28. Further, a

review of the trial court docket shows the deposition of Dr. Napierala and Miller's treatment records have been placed under seal.

{¶25} Miller's first Assignment of Error is overruled.

**II.**

{¶26} Miller argues in her second Assignment of Error that the trial court erred in releasing the records to defense counsel without first allowing Miller to file an appeal of the May 22, 2014 judgment entry to prevent the release of the documents.

{¶27} Based on our ruling on Miller's first Assignment of Error, we find the second Assignment of Error to be moot.

{¶28} Miller's second Assignment of Error is overruled.

**CONCLUSION**

{¶29} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and.

Farmer, J., concur.