**[Cite as *Drouhard v. Thompson*, 2025-Ohio-5006.]**

# COURT OF APPEALS
## RICHLAND COUNTY, OHIO
### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KRISTI DROUHARD, et al., | Case No. 2025 CA 0031<br>2025 CA 0034 |
| Plaintiffs - Appellants | |
| -vs- | <u>Opinion And Judgment Entry</u> |
| KARA M. THOMPSON, et al., | Appeal from the Richland County Court of Common Pleas, Probate Division, Case No. 20214007A |
| Defendants - Appellees | |
| | Judgment:   Affirmed |
| | Date of Judgment Entry: November 3, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; David M. Gormley, Appellate Judges

**APPEARANCES:** SAMUEL ZIMMERMAN, for Plaintiffs-Appellants; ANDREW P. LYCANS, for Defendants-Appellees.

*Baldwin, P.J.*

{¶1}   The appellants, Kristi Drouhard, Dianna Drouhard, Richard Drouhard, Karen Nolan, Carolyn Olivieri, Joe Drouhard, Jessica Brown, and Rebecca Daugherty, appeal the trial court's order denying their Motion for Leave to Amend Deemed Admissions, the trial court's judgment entry granting the appellees' Motion for Summary Judgment, and the trial court's exclusion of supplemental evidence on summary judgment. Appellees are Kara Thompson, both individually and in her capacity as Trustee of The Elaine E. Baughman Trust Agreement, and Michael Thompson. For the reasons that follow, we affirm the decisions of the trial court.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** On July 1, 2021, appellants filed a Complaint to Construe Trust, and for Declaratory Relief, Emergency Injunctive Relief, and Monetary Damages against the appellees alleging that they unduly influenced and/or exercised duress upon Elaine Baughman in the execution of the last two amendments to her Trust, and further alleged that Ms. Baughman lacked the requisite mental capacity to execute said amendments. The Complaint sought an order quieting title to real estate held by the Trust; a declaration and construction of the Trust regarding the validity of the last two amendments due to an alleged lack of capacity, undue influence, or duress; removal of appellee Kara Thompson as Trustee pursuant to R.C. 2109.24 and 5807.06; and, breach of fiduciary duty and non-compliance with Trust terms by appellee Kara Thompson. The appellees filed an Answer and Counterclaim on July 28, 2021.

**{¶3}** On November 18, 2021, the appellees served discovery requests upon all appellants, including Requests for Admissions. The discovery contained an initial section entitled "Combined Discovery Requests" which were directed to all appellants.[1] Request for Admission No. 1, which was the first item set forth in the Combined Discovery Requests, asked the appellants to "[a]dmit that Elaine Baughman was competent when she executed the Sixth Amendment to Trust [sic] Agreement on September 16, 2020." It was followed by Interrogatory No. 1 and Request for Production No. 1, both of which asked that, if the answer to Request for Admission No. 1 was anything other than an unqualified admission, the appellants identify the basis for the claim that Baughman was

---

[1] The discovery contained further "Additional Requests for Admission," "Additional Interrogatories," and "Additional Requests for Production of Documents" sections which were specific to each individual appellant.

not competent and produce any and all documents supporting said contention. Request for Admission No. 2 asked the appellants to "[a]dmit that Elaine Baughman was not acting under the undue influence of others when she executed the Sixth Amendment to Trust [sic]," followed by Interrogatory No. 2 and Request for Production of Documents No. 2, both of which asked that, if the answer to Request for Admission No. 2 was anything other than an unqualified admission, the appellants identify the basis for the claim that Baughman was not competent and produce any and all documents supporting said contention. Request for Admission No. 3 asked the appellants to "[a]dmit that Elaine Baughman was not acting under duress when she executed the Sixth Amendment to Trust [sic]," followed by Interrogatory No. 3 and Request for Production of Documents No. 3, both of which asked that, if the answer to Request for Admission No. 3 was anything other than an unqualified admission, the appellants identify the basis for the claim that Baughman was not competent and produce any and all documents supporting said contention. The discovery made identical requests for the Fifth Amendment to the Trust at Request for Admission, Interrogatory, and Request or Production of Documents Nos. 4, 5, and 6.

{¶4} Based upon Civ.R. 36(A)(1), the appellants' responses to the discovery, including the Requests for Admissions, were due on or before December 16, 2021. The appellants failed to serve timely responses to the discovery, including the Requests for Admissions, and did not request an extension of time to respond. The appellants subsequently submitted that their failure to timely respond to the Requests for Admissions was due to an oversight in which their counsel, who had taken a leave of absence in November of 2021, did not "discover" the electronic service of the requests, and further

failed to communicate with the attorney covering for him during his leave of absence, resulting in the Requests not being seen or forwarded to the appellants.

{¶5} This oversight came to the attention of the attorney covering for appellants' original counsel on January 31, 2022, during a telephone status conference with the trial court and opposing counsel, during which appellants' counsel conceded that the appellants had failed to respond to the appellees' discovery, including the Requests for Admission. During the status conference it was agreed that appellants' counsel would submit a motion regarding the circumstances surrounding the appellants' failure to timely respond to the Requests for Admission, to which appellees' counsel could then respond. The trial court set another status conference for April 14, 2022.

{¶6} The appellants, however, did not submit a motion to set aside the deemed admissions by the April 14, 2022, status conference, nor did they submit their proposed discovery responses. Furthermore, the appellants had not submitted initial disclosures, had not issued any discovery of their own to appellees, had made no attempt to obtain the decedent's medical records, and had not scheduled or taken a deposition. The appellants moved to continue the April 2022 status conference, which the trial court granted.

{¶7} On April 18, 2022, approximately five months after responses to the Requests for Admissions were due, and approximately four months after the January 31, 2022, status conference at which the appellants' new counsel was made aware of the outstanding Requests for Admission, the appellees filed a Motion for Summary Judgment based upon the deemed admissions, as well as affidavits from the Trustee and the attorney who prepared the most recent amendments to the Trust. The admissions

established that, inter alia, Elaine Baughman was competent, and was not acting under undue influence or duress when she executed the Fifth and Sixth Amendments to the Trust.

{¶8} On May 6, 2022, three weeks after the appellees' Motion for Summary Judgment was filed, the appellants filed a "Motion for Leave to Respond to Requests for Admissions Instanter and Motion to Amend Deemed Admissions." The appellants argued in their Motion for Leave to Respond and Motion to Amend that the civil rules were "designed and should be construed as an aid and not an impediment in the search for truth." The appellants, citing a 1999 common pleas court case, argued further that "while courts should generally require compelling circumstances, where justice would be thwarted by strict adherence to that requirement, justice should be preferred." The appellees filed a brief opposing the Motions; the appellants did not file a reply brief.

{¶9} The appellants eventually served their proposed responses to the Requests for Admission, which they sought to substitute for the deemed admissions, upon the appellees on May 11 and 12, 2022. On August 19, 2022, the appellants filed a Motion to Allow Additional Evidence In Defense Against Summary Judgment Instanter. The appellees opposed the motion.

{¶10} The trial court denied both the appellants' Motion for Leave to Respond and Motion to Amend, and the appellants' Motion to Allow Additional Evidence. With regard to the appellants' Motion for Leave and Motion to Amend, the trial court reasoned that the appellants "failed to show a compelling circumstance that led to the failure to respond to the requests for admissions." The trial court thereafter granted the appellees' Motion for Summary Judgment and denied the appellants' Motion to Allow Additional Evidence. The

court held that the deemed admissions conclusively established that Elaine Baughman was competent and was not acting under undue influence or duress when she executed the challenged Trust amendments. Based upon these admissions, the court found that there were no genuine issues of material fact regarding the appellants' claims concerning undue influence, duress, or incompetence, nor regarding their requests for a Trust declaration or removal of the Trustee based on those grounds, and granted the appellees' Motion for Summary Judgment.

{¶11} The appellants filed timely appeals which have been consolidated, and in which they set forth the following three assignments of error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANTS' MOTION TO AMEND ADMISSIONS WHEN IT IMPROPERLY APPLIED OHIO CIVIL RULE 36(B)'S TWO-PRONG TEST."

{¶13} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BECAUSE THAT JUDGMENT WAS PREDICATED UPON DEEMED ADMISSIONS THAT SHOULD HAVE BEEN PERMITTED TO BE WITHDRAWN OR AMENDED."

{¶14} "III. THE TRIAL COURT ERRED IN REFUSING TO ALLOW SUPPLEMENTAL EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT BECAUSE THE JUDGMENT WAS PREDICATED UPON DEEMED ADMISSIONS THAT SHOULD HAVE BEEN PERMITTED TO BE WITHDRAWN OR AMENDED."

{¶15} For the reasons set forth below, we affirm the decision of the trial court.

**ASSIGNMENT OF ERROR NO. 1**

**{¶16}** The appellants argue in their first assignment of error that the trial court erred when it denied their motion to amend their responses to the requests for admissions. We disagree.

### *Standard Of Review*

**{¶17}** An appellate court reviews a trial court's decisions regarding discovery based upon an abuse of discretion standard:

> A decision regarding the disposition of discovery issues is reviewed under an abuse of discretion standard. *Contini v. Ohio State Bd. of Edn.,* 5th Dist. Licking No. 2007CA0136, 2008-Ohio-5710, 2008 WL 4801645, ¶ 46 citing *State ex rel. The v. Companies v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). "Abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Miller v. Milano*, 2014-Ohio-5539, ¶ 15 (5th Dist.).

### *Analysis*

**{¶18}** The appellants submit that the trial court abused its discretion when it denied their Motion for Leave to Respond and Motion to Amend the deemed admissions. Requests for Admission are governed by Civ.R. 36, which provides in pertinent part:

> **(A)** **Availability; Procedures for Use.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or

of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party after service of the summons and complaint upon that party. Whenever feasible, the party serving the request for admission shall serve the request pursuant to Civ.R. 5(B)(2)(f) or (B)(3) on a shareable medium and in an editable format. If the party being served is unrepresented by counsel, the serving party also shall provide a paper copy of the request to the unrepresented party. A party who is unable to serve a request for admission electronically may serve the request by other means permitted under Civ.R. 5(B)(2).

(1)     Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

*          *          *

**(B)     Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.

The record herein clearly establishes that the appellees served Requests for Admission on November 18, 2021, and that the appellants did not provide responses to said discovery until May 11 and 12, 2022 – 146 days from the date they were originally served; 100 days from the date the appellants' new counsel learned about them during the January 31, 2022, status conference; and, after the appellees filed their Motion for Summary Judgment based, in part, upon the admissions.

{¶19} This Court addressed the issue of the withdrawal or amendment of admissions in *Bush v. Eckman*, 2008-Ohio-5080 (5th Dist.):

In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ.R. 36(B). Ohio courts have stylized this consideration into a multi-pronged analysis. See *Kutcscherousky v. Integrated*

*Communications Solutions,* LLC, 5th Dist. No.2004CA00338, 2005–Ohio–4275; *RKT Properties, LLC v. City of Northwood,* 6th Dist. No. WD–05–009, 2005–Ohio–4178; *Farmers Ins. Of Columbus, Inc. v. Lister,* 5th Dist. No, 2005–CA–29, 2006–Ohio–142; *B & T Distributors v. CSK Const., Inc.,* 6th Dist. No. L–07–1362, 2008–Ohio–1855. First, there is the overreaching goal that cases should be resolved on their merits. The court must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of the case. *Cleveland Trust,* 20 Ohio St.3d at 67. If the court so determines, the burden then shifts to the party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action. *Id.; Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. "Against this prejudice, the court must weigh the 'compelling' circumstances that led to the failure to respond to the request for admissions." *RKT Properties,* supra at ¶ 12, citing *Cleveland Trust,* supra and *Balson,* supra.

*Id.* at ¶ 23. The defendant in *Bush* did not provide responses to the plaintiff's requests for admission until approximately seventy days after the due date, and only after the plaintiff filed a motion for summary judgment based upon the admissions. The Court determined that the trial court's denial of the defendant's request to withdraw admissions was not an abuse of discretion.

{¶20} The withdrawal of admissions issue was addressed by this Court more recently in *Trammell v. Broner,* 2023-Ohio-4143 (5th Dist.). The *Trammell* Court, citing

*Bush,* held that the trial court did not abuse its discretion when it did not permit the appellant to withdraw the admissions:

> Appellants assert the trial court failed to undergo this [*Bush*] analysis. Assuming, arguendo, the trial court did not undergo the analysis, we, nonetheless find the trial court did not abuse its discretion by denying Appellants' request to withdraw or amend the admissions. Appellants have failed to set forth ANY reason, compelling or otherwise, for their failure to respond at all to Trammell's request for admissions.

*Id.* at ¶19. In the case sub judice, the appellants did not argue application of the two-prong analysis in their Motion for Leave to Respond and Motion to Amend; they simply argued that the trial court should not strictly adhere to the civil rules and should instead "prefer justice."

**{¶21}** We cannot say that the trial court failed to consider the two-prong analysis set forth in *Bush*, particularly since it cited *Bush* in its April 8, 2025, Order Denying Plaintiffs Motion for Leave to Amend Deemed Admissions. Furthermore, just as in *Trammell,* even if the trial court did not specifically delineate the analysis in its decision, we nonetheless find the trial court did not act unreasonably, arbitrarily, or unconscionably when it denied the appellants' request to withdraw or amend the admissions, and therefore did not abuse its discretion. The appellants did not respond to the Requests for Admission until 146 days after the original due date. Even if the trial court considered the fact that the appellants' initial counsel had to take a leave of absence for personal reasons, the attorney who took over for the appellants' initial counsel was made aware of the outstanding Requests for Admission at the January 31, 2022, status conference, and

did nothing to respond, or request an extension of time to respond, for 100 days. In fact, the appellants did not respond or seek leave to amend until after the appellees filed their Motion for Summary Judgment.

**{¶22}** We find that the trial court did not act unreasonably, arbitrarily, or unconscionably when it denied the appellant's Motion for Leave to Respond and Motion to Amend, and as a result did not abuse its discretion. Accordingly, we find the appellants' first assignment of error to be without merit, and it is therefore overruled.

## ASSIGNMENT OF ERROR NOS. 2 & 3

**{¶23}** The appellants argue in their second assignment of error that the trial court erred in granting summary judgment to the appellees because that judgment was predicated upon deemed admissions that should have been permitted to be withdrawn or amended. The appellants argue in their third assignment of error that the trial court erred in refusing to allow supplemental evidence in opposition to summary judgment because the judgment was predicated upon deemed admissions that should have been permitted to be withdrawn or amended. Assignments of error numbers two and three are both based upon the argument that the trial court should have permitted the deemed admissions to be withdrawn or amended.

**{¶24}** Our decision on assignment of error number one, in which we found that the trial court did not err in denying the appellants' motion to withdraw or amend the admissions, renders assignments of error numbers two and three moot.

**CONCLUSION**

**{¶25}** Based upon the foregoing, we find appellants' assignments of error numbers one, two, and three to be without merit. Accordingly, the assignments of error are overruled, and the decisions of the trial court are hereby affirmed.

**{¶26}** Costs to appellants.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.